**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEILY VERAS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LAMINE N'DIAYE,<br><br>　　　　　　Respondent. | Civil Action No. 21-11051 (KMW)<br><br>**MEMORANDUM ORDER** |

　　　　This matter comes before the Court on Petitioner Deily Veras's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner replied. (ECF No. 5.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible to accrue good time credits pursuant to the First Step Act and to ultimately receive those credits. (*Id.*) In responding to the petition, the Government argued that Petitioner's habeas petition was barred as he had failed to exhaust his administrative remedies (ECF No. 4 at 7-8), a point Petitioner conceded (*See* ECF No. 5), but argued was immaterial as he believed his failure should be excused as he felt exhaustion impractical under the circumstances.

　　　　Putting aside the issue of exhaustion, in its answer, the Government noted that Petitioner's projected release date, without any First Step Act credits, was in October 2022. (*See* ECF No. 4 at 1.) According to the Bureau of Prison's publicly available records, however, Petitioner was released from prison in January 2022. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last

accessed 11/2/2022). If the information in the database is correct, then it would appear that Petitioner may well have been awarded the credits he sought, resulting in his early release. In any event, it appears that the credits he sought may no longer be available as he is no longer incarcerated or able to accrue them.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As it appears that Petitioner has been released, and may already have received the benefit of the credits he sought in this matter, his current action may well be moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. The Government shall therefore update the Court as to Petitioner's release, as well as to their position on the mootness of this matter within fourteen days. Should the Government argue that this matter is subject to dismissal on mootness grounds, any such request should be accompanied by sufficient documentation to establish the mootness of Petitioner's claims.

**IT IS THEREFORE** on this 7th day of November, 2022,

**ORDERED** that the Government shall update this Court as to Petitioner's current status within fourteen days; and it is further

**ORDERED** that the Government shall inform the Court whether Petitioner's apparent release renders his current habeas petition moot and shall supply documentary evidence in support of any such argument; and it is further

**ORDERED** that Petitioner may file a response to the Government's filing within seven days of its filing; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

_____
Hon. Karen M. Williams,
United States District Judge