**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEILY VERAS,<br><br>                Petitioner,<br><br>      v.<br><br>LAMINE N'DIAYE,<br><br>                Respondent. | Civil Action No. 21-11051 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Deily Veras's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner replied. (ECF No. 5.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible to accrue good time credits pursuant to the First Step Act and to ultimately receive those credits. (*Id.*)

On November 7, 2022, this Court entered an order noting that it appeared, based upon the answer filed by the Government and publicly available records, that Petitioner had likely received the credits he sought and been released. (ECF No. 7.) This Court therefore directed the Government to provide an update and to address whether this matter had become moot in light of Petitioner's apparent release. (*Id.*)

The Government filed a response to that Order on November 21, 2022. (ECF No. 8.) In that response, the Government confirms that in January 2022, the Bureau of Prisons recalculated

Petitioner's sentence, awarded him with First Step Act credits, and released him to serve a period of supervised release. (*Id.*) Based on these facts, which the Government supports with a certification from an appropriate official at the BOP, the Government argues that this matter should be dismissed as moot. Petitioner did not oppose this request or otherwise respond to the Government's letter. (*See* ECF No. 9.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner received the credits he sought in this matter and has been released from prison, this Court no longer has a meaningful opportunity to provide Petitioner with relief as Petitioner no longer has a continuing concrete injury, and this matter must therefore be dismissed as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

**IT IS THEREFORE** on this **9th** day of December, 2022,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge

3